## UNITED STATES *v.* COOPER.

'APPEAL FROM THE COURT OF CLAIMS.

Submitted January 7, 1887. — Decided January 24, 1887.

There is nothing in the facts in this case to take it out of the operation of *United States* v. *Taylor,* 104 U. S. 216, where, after consideration, it was held that the act of August 5, 1861, § 36, 12 Stat. 304 was not repealed by the act of June 7, 1862, 12 Stat. 422; that prior to the application of the owner of the land sold for taxes for the surplus in the Treasury arising from the sale, he had no claim therefor which could be enforced by suit against the United States; and that the statute of limitations began to run against it only from the date of his application.

THE case is stated in the opinion of the court.

*Mr. Attorney General* and *Mr. Heber J. May* for appellant.

*Mr. Gilbert Moyers* for appellee.

MR. JUSTICE FIELD delivered the opinion of the court.

In June, 1864, certain parcels of real estate in the county of Shelby, state of Tennessee, at that time the property of John C. Cooper, were sold by the United States tax commissioners for direct taxes, under the act of Congress of August 5, 1861, and acts amendatory thereof.  12 Stat., pp. 292, 304, c. 45 and c. 98, p. 422.  The taxes, including charges and commissions, amounted to $33.35.  The property was sold for $425.  The surplus, after payment of the taxes, charges, and commissions,

was paid into the Treasury of the United States. For this surplus, amounting to $391.45, Cooper presented a claim to the Secretary of the Treasury in August, 1882, which was disallowed in April, 1884, and he thereupon brought this suit in the Court of Claims, and obtained a judgment for the amount, from which the United States have appealed.

The grounds of the appeal, as set forth by counsel of the government, are not sustained by the record. The Court of Claims found that, in 1865, the claimant sold the property, subject to the tax title; and, in 1882, released to the government, and those claiming under it, all his interest, to secure it against a second payment of the surplus. Upon these findings, counsel assume that the claimant retained possession of the property after the tax sale; and that he sold it to a third person for a valuable consideration, regardless of the sale and conveyance by the tax commissioners. But there was no evidence that the claimant was in possession, either at the time of the sale or afterwards; nor does it appear that the claimant ever asserted ownership over the property after the tax sale, and sold it, regardless of that sale, for a valuable consideration. His sale was made subject to the tax title, and could, therefore, have been of nothing more than his right to redeem the property from the tax sale, and the consideration paid is not stated. Of course it is not necessary to consider the argument founded upon these assumed facts, however ingeniously framed or however replete with learning.

The thirty-sixth section of the act of August 5, 1861, in prescribing the manner in which property subject to a direct tax shall be sold, where it is not divisible, so that by a sale of a part the whole amount of the tax, with costs, charges, and commissions, may be raised, provides that "the surplus of the proceeds of the sale, after satisfying the tax, costs, charges, and commissions, shall be paid to the owner of the property, or his legal representatives; or if he or they cannot be found, or refuse to receive the same, then such surplus shall be deposited in the Treasury of the United States, to be there held for the use of the owner or his legal representatives, until he or they shall make application therefor to the Secretary of the Treas-

ury, who, upon such application, shall, by warrant on the Treasury, cause the same to ·be paid to the applicant." 12 Stat., c. 45, § 36, p. 304.

In *United States* v. *Taylor*, 104 U. S. 216, this section was the subject of consideration by this court; and it was held that it was not repealed by ·the act of June 7, 1862·; that prior to the application of the owner for the surplus, he has no claim therefor which can· be enforced by suit against the United States; and that the statute of limitations begins to run against it only from the date of his application. This decision covers the present case. It is of no consequence to the government what the claimant did with his right of redemption; it was never exercised by him or the·purchaser from him, assuming that it could .have been enforced, and the time for its assertion has long since elapsed. The United States did not guarantee the title it gave upon the tax sale; and it does not appear that the levy or the proceedings for the sale have ever been called in question. If the sale was for any reason invalid, and the United States could be held to indemnify the owner therefor, the release by his quitclaim of all interest in the property would secure the government against any claim on that account.

We see no valid ground for the refusal of the Secretary of the Treasury to comply with the command of the law and pay to the claimant the money which the government has always held as trustee for him, and payable on his application.

*Judgment affirmed.*